Green, Judge,
delivered the opinion of the court:
The plaintiff brings suit as administratrix of the estate of Ada B. Pope, deceased, to recover the amount of income-taxes for the year 1917, which, it is alleged, was collected from the decedent and her executor in excess of the amount lawfully due.
There is no substantial dispute over the facts in the case. Alfred A. Pope died August 5, 1913. By his will he bequeathed the residue of his estate, first, four-tenths to his-wife, Ada B. Pope; second, one-tenth to trustees to pay the income thereof to his wife, Ada B. Pope, during her life, and upon her death to a person specified; third, four-tenths to-trustees and to his daughter; fourth, one-tenth to trustees in trust to pay the income thereof to his wife, Ada B. Pope,, during her life, and upon her death to persons specified.
The residuary estate was distributed on November 7, 1917, and on that date Ada B. Pope received certain securities, which were fairly worth at that time $85,990.00, but which, at the time of the death of Alfred A. Pope, were worth only* $81,350.00. Needing cash on the same day the distribution was made, she transferred these securities back to the distributors and received from them in cash, or the equivalent thereof, the value thereof at the time of the distribution. *337 The commissioner held that a gain in the amount of the difference of the two values, namely, $4,640.00, had been realized in the transaction by Ada B. Pope, and assessed her income tax for 1917 accordingly. The question here to be determined is whether this action of the commissioner was proper.
The statutes which govern the determination of a taxable gain in this case require that such a gain must be realized by the taxpayer after he has acquired the property, and the question of whether such a gain as is herein involved is taxable must depend upon whether, within the meaning of the statute, the property which was exchanged in this case was “ acquired ” at the da,te of the testator’s death or at the date when distribution was made of the estate and the legatee-received it.
Upon the authority of Brewster v. Gage, decided by the Supreme Court January 6, 1930, 280 U. S. 327, it is held that Ada B. Pope acquired these securities at the date of the death of the testator within the meaning of the revenue law in force at that time, and that the estate of Ada B. Pope is not entitled to recover the amount which her taxes have been increased on account of the inclusion by the commissioner in her gross income for 1917 of $4,640.00 as taxable-gain realized on the exchange of securities.
The plaintiff also contends that the commissioner wrongfully included as a part of the income of Ada B. Pope certain income which had been received by the executors of the estate of Alfred A. Pope and turned over by them to the trustees of the two trusts, which have already been shown to be created by his will. The provisions of the will required the trustees to collect and receive the income from the property so left in trust and apply such income to the use of Ada B. Pope, during her life. Up to the time when the distribution was made, as recited above on November 7,. 1917, income had accrued on the trust property of these two trusts, which income, together with .the principal of the trust funds, was at that date turned over to the trustees and by them treated as part of the principal of the several trusts. This income was never claimed by Mrs. Pope or received by her, but the commissioner included it as part of her income *338 for the year 1917, and she now seeks to recover the amount which her tax was thereby increased.
It is urged on behalf of defendant that this income was in fact the property of Ada B. Pope, and in support of this contention Lawrence v. Security Co., 56 Conn. 423, 439, is cited as follows:
“ * * * it is well established that where there is the bequest of the whole or of an aliquot part of the residue of an estate to a legatee for life, remainder over, and no time is fixed by the will for the commencement of such life use, the legatee is entitled to the use or income of the clear residue so bequeathed, as the same may be at last ascertained, to be computed from the death of the testator; is entitled to the income which may accrue during every moment of life subsequent to the moment when the will becomes an operative instrument, unless it places some limitation upon such enjoyment.”
The will of Alfred A. Pope contains no such limitation either express or implied.
Conceding the rule to be as stated above, still another question remains.
The tax upon this income was assessed under the revenue act of 1916. This act provided in substance that the income received by estates of deceased persons and from any kind of property held in trust should be taxed, and further recited : “ the tax in each instance, except when the income is returned for the purpose of the tax by the beneficiary, to be assessed to the executor, administrator, or trustee, as the case may be.” Ada B. Pope made no return of this income.
Such being the provisions of the law under which this tax in question was assessed, we think it clear that the law required it to be assessed against the executors or the trustees. In fact it was in the first instance assessed to and paid by the trustees, and the plaintiff has at all times claimed it was properly assessed to the trustees. The commissioner’s office finally came to a different conclusion, assessed the tax on this income to Mrs. Pope, and tendered to the trustees a check for the tax so paid by them which they declined to receive.
We have no occasion to determine anything more than whether this - tax was rightfully assessed against Ada B. *339 Pope. We therefore express no conclusion as to whether, under the 1916 act, the assessment for this income should have been made against the executors of the estate of Alfred A. Pope, or against the trustees to whom they paid over the income. Nor is it necessary for us to decide whether the trustees correctly treated this income as part of the principal of the two trusts. Under the 1916 statute, it is quite clear that this income should not have been assessed against Ada B. Pope and her tax should be reduced accordingly.
The next question to be determined relates to the deduction claimed by plaintiff on account of inheritance taxes paid by the executor of the estate of Alfred A. Pope to the State of Connecticut on the distributive share of Ada B. Pope in that estate.
The will of Alfred A. Pope directed the executor to pay, as an expense of administration, all inheritance taxes which might be assessed on any of the legacies bequeathed by the will. The commissioner in assessing the income tax of Ada B. Pope allowed, as a deduction, the amount of inheritance tax paid by the executor on her distributive share. The plaintiff claims that this allowance was insufficient and that as she was bequeathed four-tenths of the residue of the estate, there should have been a deduction allowed on her income of four-tenths of the tax on such residue. The only question therefore that wre have to decide in the case is whether an additional deduction should have been granted as claimed by her.
The provision of the will with reference to the payment of inheritance taxes undoubtedly reduced the amount which eventually went to Ada B. Pope to the extent of four-tenths of all the inheritance taxes paid on the residue of the estate, but this does not entitle her to the deduction claimed. The testator might have reduced the amount which would go to her under the will by making other bequests, or making other provisions which would reduce the residue, four-tenths of which was bequeathed to her. The law allowed her a deduction for taxes paid, and these taxes were not paid by her or charged to her. Under the will, they were paid by the executor as part of the expenses of administration, and were *340 deducted as such before the residue was distributed. It is. clear that Ada B. Pope was entitled to no further deduction beyond that which had already been allowed.
It follows from the views above expressed that the plaintiff is not entitled to recover on account of the failure of the-commissioner to allow a greater deduction in the income-tax return on account of inheritance taxes paid on Ada B. Pope’s share of the residuary estate of Alfred A. Pope, or on account of the inclusion by the commissioner in her gross income for 1917 of $4,640 as taxable gain realized on exchange-of securities. The estate is, however, entitled to recover the-amount that the taxes have been increased by reason of tlie-commissioner having included in her gross income for the-same year the amount of $92,074.98, being income received from the executors of the estate of Alfred A. Pope, by the-trustees of the trusts in which she had a life estate. Computing the taxes upon the estate of Ada B. Pope for 1917,. in accordance with the conclusions stated above, we find that there is an overpayment on the taxes of the estate of Ada B. Pope for the year 1917 of $40,432.72, which sum her estate is entitled to recover with six per cent interest on $5,643.28 .from June 13, 1918, and on $34,790.34 from November 2,. 1925, computed on both sums up to the date determined by the commissioner in accordance with law. Judgment will be rendered accordingly.
Williams, Judge, and Littleton, Judge, did not hear and took no part in the decision of this case.
Graham, Judge, and Booth, Chief Justice, concur.